United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE BURLINGTON INSURANCE COMPANY,<br><br>              Plaintiff,<br><br>     v.<br><br>TERRANCE J. ALAN, et al.,<br><br>              Defendants.<br>_____/ | No. C 12-3372 SI<br><br>**ORDER DENYING DEFENDANT'S MOTION TO STAY** |

Now before the Court is defendant Terrance J. Alan's ("Alan") motion to stay. Plaintiff Burlington Insurance Company ("Burlington") has filed an opposition, to which defendant has replied. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and therefore VACATES the hearing currently scheduled for February 15, 2013. Having considered the parties' arguments, the Court hereby DENIES defendant's motion to stay, for the reasons set forth below.

**BACKGROUND**

On June 27, 2009, Harris Fulbright "was shot during a skirmish among patrons" outside The Pink Diamonds, an adult entertainment nightclub in San Francisco, California. Compl. ¶ 13. On June 24, 2011, Fulbright's surviving spouse and three children filed a complaint in San Francisco County Superior Court against D.H.S. Global Investments, LLC, dba The Pink Diamonds, and Terrance J. Alan, for wrongful death. *See* Compl. Ex. B, *Delashon Monique Green, et al. v. D.H.S. Global Investments, LLC, et al.*, Case No. CGC-11-512028 ("*Green* complaint" or "*Green* action"). The *Green* complaint alleges that D.H.S. was the "owner, manager and operator" of The Pink Diamonds, and that Alan was the owner of the building in which D.H.S. operated the club. *Green* Compl. ¶¶ 6-7. Based on these allegations, the *Green* complaint alleges premises liability and negligence. Id. ¶¶ 19-42.

Burlington insured Club Paree, LLC, a "Gentlemen's Club located at 220 Jones Street, San Francisco, California." *See* Compl. Ex. A, Certified Policy 160B002986 ("Policy"). Club Paree, LLC, shares the same address as The Pink Diamonds adult entertainment nightclub implicated in the *Green* action. *See Green* Compl. ¶ 5 (listing the address of The Pink Diamonds as 220 Jones Street, San Francisco, California). However, there is no allegation in either the *Green* complaint or the present action that The Pink Diamonds is covered under the Policy or that The Pink Diamonds and Club Paree, LLC are one and the same. In response to Alan's request for coverage, in a letter dated June 27, 2012, Burlington agreed to participate in Alan's legal defense in the *Green* action subject to a complete reservation of its rights, including the right to seek a declaration of no coverage and reimbursement of all sums incurred by Burlington in the defense of Alan. Compl. ¶ 15; Morgan Decl., Ex. B.

On June 28, 2012, Burlington filed suit in this Court against Alan, D.H.S., Club Paree, LLC, and the spouse and children of the decedent, Delashon Monique Green, Sariyah Fulbright, Ana'staja Fulbright, and Te'janaey Scott – plaintiffs in the *Green* action. *See* Compl. (Dkt. 1) ("coverage action"). The coverage action seeks reimbursement from Alan, declaratory relief that Burlington has no duty to defend Alan, D.H.S., and Club Paree in the *Green* action, and declaratory relief that Burlington has no duty to indemnify any of the defendants. Burlington alleges that the Policy does not cover the *Green* action because the incident in question "is excluded by the Assault, Battery or other Physical Altercation Exclusion" and "DHS and Alan are not insureds." Compl. ¶ 16.

On January 7, 2013, Alan filed the instant motion to stay on the grounds that the coverage action may adjudicate factual issues related to Alan's status as an insured under the Policy which may expose him to further potential liability in the underlying *Green* action. Burlington opposes the motion asserting that Alan will not be prejudiced because the factual issues in this case have no bearing on Alan's position in the *Green* action.

## LEGAL STANDARD

A district court has discretion to stay or dismiss an action for declaratory relief over which it has

2

jurisdiction. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995). "[T]here is no presumption in favor of abstention in declaratory actions generally, nor in insurance coverage actions specifically." *Gov't Emps. Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 (9th Cir.1998) (en banc). The Ninth Circuit has said that where an insurer sues its insured for a declaratory judgment of no coverage, a court should consider factors from *Brillhart v. Excess Insurance Co. of America*, 316 U.S. 491 (1942), and *American States Insurance Co. v. Kearns*, 15 F.3d 142 (9th Cir. 1994). *Dizol*, 133 F.3d at 1225. The *Brillhart* factors concern avoiding needless determination of state law issues, avoiding duplicative litigation, and avoiding forum shopping.

Additionally, following *Kearns*, a court may consider whether the declaratory action will settle all aspects of the controversy; whether the declaratory action will serve a useful purpose in clarifying the legal relations at issue; whether the declaratory action is being sought merely for the purposes of procedural fencing or to obtain a 'res judicata' advantage; or whether the use of a declaratory action will result in entanglement between the federal and state court systems. In addition, the district court might also consider the convenience of the parties, and the availability and relative convenience of other remedies. *Dizol*, 133 F.3d at 1225 n. 5 (citing *Kearns*, 15 F.3d at 145 (Garth, J., concurring)).

**DISCUSSION**

**1.    Avoiding Needless Determination of State Law Issues.**

If the coverage action entails determinations of unsettled issues of state law, a stay or dismissal is favored. *Dizol*, 133 F.3d at 1225. This relates to unsettled issues of law generally, not unsettled issues of fact in the specific action. *See Cont'l Cas. Co. v. Robsac Indus.*, 947 F.2d 1367, 1371 (9th Cir. 1991). A stay is warranted if "[t]he precise state law issues at stake in the present case are the subject of a parallel proceeding in state court." *Id.*

This action does present issues involving California insurance coverage law. The state law at issue, however, is not being litigated anywhere else with respect to the *Green* action, a civil suit by the decedent's family for negligence and premises liability which does not itself include the coverage

3

questions. There is no parallel litigation on any of the state-law insurance coverage issues, and therefore this factor does not favor staying the action.

### 2. Avoiding Duplicative Litigation.

If the declaratory relief action is duplicative of the issues being litigated in the underlying liability action, a stay or dismissal is favored. *Dizol*, 133 F.3d at 1225. Alan asserts that the following facts that establish or refute Burlington's duty to defend and indemnify him are nearly identical to the liability issues pertaining to him in the *Green* action: (1) whether or not Alan is a member or manager of Club Paree; (2) Alan's acts or omissions as a member or manager of Club Paree that allegedly resulted in the shooting death of decedent; (3) Alan's duties and responsibilities as the owner of the premises where the shooting allegedly occurred; and (4) Alan's business relationship with D.H.S. and/or The Pink Diamonds.

Burlington counters that its primary contention at this point – and the contention on which it has based its pending motion for summary judgment in this case – is that coverage is precluded by the "broadly worded Assault or Battery Exclusion in the insurance contract." Burlington Opp., at 1. If the event itself is not covered by the Policy it makes no difference what Alan's relationship was to the various entities or how his acts or omissions resulted in the shooting. Win or lose the *Green* action, Burlington argues, Burlington would have no duty to defend or indemnify Alan or the other defendants because of the Assault or Battery Exclusion. Further, Burlington argues, should the pending summary judgment in the coverage action be denied, "and if Alan has a basis for claiming that litigating factual issues in the coverage action will prejudice him in the wrongful death action, he can re-file his motion to stay this action." *Id.* at 2.

The Burlington Policy issued to Club Paree, LLC includes an "Assault, Battery or Other Physical Altercation" exclusion. Policy, Form BG-G-042 11 06, Dkt 1-3 at 4. The exclusion bars coverage for claims arising out of, among other things, an assault or battery, any attempt to avoid or prevent an assault or battery, and any actual or threatened verbal or physical confrontation or altercation, or any

4

attempt to avoid or prevent such a confrontation or altercation. *Id*. The exclusion "applies to all acts or omissions and all theories of liability (direct or vicarious) asserted against any insured, including but not limited to all theories of negligence . . ." *Id.*

The *Green* action alleges that Alan and others "negligently owned, maintained, managed, controlled, and operated" The Pink Diamonds Club, in failing to prevent Harris Fulbright from being shot, shortly after he was a patron at the Club. Thus, there is no dispute that the underlying *Green* action claims there was a shooting death. The legal issue Burlington seeks to litigate at this juncture is whether coverage for that alleged shooting is excluded by the policy's terms.

To this extent, there will be little to no factual overlap/duplication in the two actions. If and when an issue arises in this action that could risk inconsistency with substantive issues in the *Green* action, then a new motion to stay may be made.

### 3. Avoiding Forum Shopping.

Forum shopping exists if a party files an action in one forum, and then files the same action in a different forum. This is not the case here. Burlington is not a party to the *Green* action, nor has it filed any other declaratory judgment actions. There is no forum shopping. This factor does not weigh in favor of a stay.

### 4. Whether the Declaratory Action Will Settle All Aspects of the Controversy.

A stay or dismissal is favored if the coverage action would resolve the underlying liability action — i.e. the *Green* action. *Dizol*, 133 F.3d at 1225, n.5. It will not. The coverage action will resolve only whether the Policy covers the type of incident that occurred. It will in no way resolve the ultimate liability of any party for any alleged specific injury. This factor does not weigh in favor of a stay.

### 5. Whether the Declaratory Action Will Clarify Legal Relations.

A stay or dismissal is favored if the instant action will not resolve any legal relationship between

5

the parties. *Dizol*, 133 F.3d at 1225, n.5. If the Assault or Battery Exclusion is dispositive against coverage in this matter, then this action will indeed resolve the legal relationship between Alan and Burlington. If it is not, further litigation will be required. Should this action reach that point, then Alan's motion to stay may be revisited.

**6.    Whether the Declaratory Relief Action Is Being Sought For Procedural Fencing or Res Judicata.**

If the coverage action is commenced with the intent of obtaining a procedural or res judicata advantage, then a stay or dismissal is favored. *Dizol*, 133 F.3d at 1225, n.5. There is no such showing in this case.

**7.    Avoiding Federal–State Court Entanglement.**

If the issues at stake in the state-court proceeding are indistinguishable from issues in the instant action, then a stay may be appropriate. *Dizol*, 133 F.3d at 1225, n.5. As stated above, at least with respect to the pending motion for summary judgment based on the Assault or Battery Exclusion, the issues at stake are collateral to the issues to be litigated in the state court action. This factor does not weigh in favor of a stay at this juncture.

**8.    Convenience of Parties.**

If a stay or dismissal would avoid undue hardship for a party, then it may be favored. *Dizol*, 133 F.3d at 1225, n.5. The same is true, under California law, if either side would be prejudiced by the pendency of the action. *See Montrose Chemical Corp. v. Superior Court*, 6 Cal.4th 287, 301 (1994).[1]

---

[1] Federal courts sitting in diversity apply federal procedural law and state substantive law. *See Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938). Hence this Court has applied federal doctrine developed since *Brillhart* to address a procedural stay of declaratory relief actions, not California cases. The Statement of Recent Decision submitted by Alan (Dkt. 41), drawing the Court's attention to *Rack N Cue Billiards, Inc. v. The Burlington Ins. Co.*, No. G046058, Calif. App., 4th Dist., Div. 3 (Jan. 30, 2013), is based on state law, and in any event dealt with the coverage question itself, not the propriety of a stay.

The Court does not find that Alan would suffer undue hardship, or substantial prejudice, by denial of the requested stay. In *Century Surety Co. v. Byal*, 2011 WL 2550832 (N.D. Cal. June 27, 2011), another judge in this district considered a motion to stay based on very similar facts – the defendant was simultaneously a defendant in a wrongful death action in state court involving a shooting at a nightclub and a defendant in a federal action for declaratory relief that the policy excluded the event. *Id.*, at *1-2. The defendant argued that he would be prejudiced if the federal court ruled on the assault and battery exclusion before the state court apportioned liability for the battery. *Id.,* at *5. In denying defendant's motion to stay, the court found the argument "possibly true, but irrelevant," because the issues being decided by the two different courts did not overlap. *Id.* In other words, the insurer's coverage claim was not at issue in the state court action, and therefore, there was no risk that the defendant would be prejudiced by inconsistent factual findings in federal court. *Id.*

The same is true here. While an adverse ruling in this case may eventually impact Alan's ability to fund his legal defense in the *Green* action, it will not prejudice him factually because the summary judgment coverage issue, based on the Assault or Battery Exclusion, will not involve factual determinations which would impact the liability findings in the *Green* action.

Having considered these factors, the Court finds that the bulk of these factors militate in favor of allowing Burlington's action to proceed. Should issues arises here the disposition of which may *factually* prejudice Alan's positions in the *Green* action, the Court may revisit this ruling.

## CONCLUSION

For the foregoing reasons the Court hereby DENIES Hartford's motion to stay.

**IT IS SO ORDERED.**

Dated: February 13, 2013

SUSAN ILLSTON
United States District Judge