IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE BURLINGTON INSURANCE COMPANY,<br><br>          Plaintiff,<br><br>     v.<br><br>TERRANCE J. ALAN, et al.,<br><br>          Defendants. | No. C 12-03372 SI<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT; VACATING HEARING; RESETTING BRIEFING SCHEDULE AND HEARING ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION TO CONTINUE HEARING** |

Now before the Court is plaintiff Burlington Insurance Company's motion for leave to file a first amended complaint. Defendant Terrance J. Alan has filed an opposition, to which plaintiff has replied. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and therefore VACATES the hearing currently scheduled for March 8, 2013. Having considered the parties' arguments, the Court hereby GRANTS plaintiff's motion for leave, for the reasons set forth below.

**BACKGROUND**

This cases arises out of the June 27, 2009, shooting death of Harris Fulbright outside The Pink Diamonds, an adult entertainment nightclub in San Francisco, California. Compl. ¶ 13. Fulbright's surviving spouse and three children have filed an action in San Francisco County Superior Court against D.H.S. Global Investments, LLC, dba The Pink Diamonds, and Terrance J. Alan, for wrongful death. *See* Compl. Ex. B, *Delashon Monique Green, et al. v. D.H.S. Global Investments, LLC, et al.*, Case No. CGC-11-512028 ("*Green* complaint" or "*Green* action"). Burlington insured Club Paree, LLC, a "Gentlemen's Club located at 220 Jones Street, San Francisco, California." *See* Compl. Ex. A, Certified Policy 160B002986 ("Policy"). Club Paree, LLC, shares the same address as The Pink Diamonds adult

entertainment nightclub implicated in the *Green* action. *See Green* Compl. ¶ 5 (listing the address of The Pink Diamonds as 220 Jones Street, San Francisco, California).

Burlington agreed to participate in Alan's legal defense in the *Green* action subject to a complete reservation of its rights, including the right to seek a declaration of no coverage and reimbursement of all sums incurred by Burlington in the defense of Alan. Compl. ¶ 15; Morgan Decl., Ex. B. On June 28, 2012, Burlington filed this action ("coverage action") against Alan, D.H.S., Club Paree, LLC, and the spouse and children of the decedent, Delashon Monique Green, Sariyah Fulbright, Ana'staja Fulbright, and Te'janaey Scott – plaintiffs in the *Green* action. *See* Compl. (Dkt. 1). The coverage action seeks reimbursement from Alan, declaratory relief that Burlington has no duty to defend Alan, D.H.S., and Club Paree in the *Green* action, and declaratory relief that Burlington has no duty to indemnify any of the defendants.

On February 1, 2013, Burlington filed the instant motion for leave to amend in order to add Scottsdale Insurance Company ("Scottsdale") as a defendant because Scottsdale allegedly insured Club Paree and Alan. Alan opposes the motion asserting that Burlington made the motion in bad faith, because it should have known about Scottsdale seven months ago.

**DISCUSSION**

Federal Rule of Civil Procedure 15(a) provides that a party may amend after obtaining leave of the court, or by consent of the adverse party. Leave to amend is generally within the discretion of the district court. *In re Daisy Sys. Corp.*, 97 F.3d 1171, 1175 (9th Cir. 1996). Rule 15 advises the court that "leave shall be freely given when justice so requires." The case law advises that this policy is "to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)).

Despite this liberality, leave to amend should not be granted automatically. *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990). A trial court should consider four factors when deciding whether to give leave to amend: "(1) bad faith on the part of the plaintiffs; (2) undue delay; (3)

prejudice to the opposing party; and (4) futility of the proposed amendment." *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999). However, the consideration of prejudice to the opposing party carries the greatest weight. *Eminence Capital, LLC*, 316 F.3d at 1052.

In its moving papers, Burlington contends that it learned that Scottsdale insured Alan and Club Paree on or around January 25, 2013, and that Scottsdale was not defending Alan in the *Green* action. Witte Decl. ¶¶ 2, 4.[1] In its opposition, Alan directly contradicts Burlington's contentions with the declaration of Michele Lonati-Gilbert, a Claims Specialist at Scottsdale, in which she asserts that Burlington knew of the Scottsdale policy as early July 2012, when Burlington agreed to a cost-sharing agreement with Scottsdale to equally share in Alan's defense costs in the *Green* action. Lonat-Gilbert Decl. ¶ 5. Given this evidence, Alan contends that Burlington's motion for leave is made in bad faith and that there was undue delay in bringing it.

The Court disagrees. In its reply, Burlington submits the declaration of Clinton Thute, Regional Claims Manager at Burlington, in which he asserts that Burlington erected an ethical wall to prevent the adjustment of a claim from being influenced by an insurance coverage dispute regarding the same claim. Thute Decl. ¶ 4. Accordingly, the unit responsible for coverage litigation was not advised that Scottsdale had been in contact with Burlington and that Scottsdale had in fact agreed to defend Alan. To the extent Burlington asserted erroneous facts in its moving papers, the Court finds that it was not done in bad faith. Moreover, there is no evidence of undue delay in discovering the existence of Scottsdale as an additional insurer.

Most significant, however, the Court finds that there has been no showing of undue prejudice. No trial date has been set in this action nor has there been even an initial case management conference.

---

[1] Alan objects to ¶¶ 2 and 4 of Witte's Declaration on the grounds that Witte, an attorney, does not have personal knowledge of when his client "Burlington learned" of the existence of Scottsdale and of "Burlington's knowledge" that Scottsdale was not defending Alan in the *Green* action. However, Alan undermines his own objection by submitting independent evidence confirming the existence of Scottsdale and its role in insuring and defending Alan. *See* Lonati-Gilbert Decl. Accordingly, the Court need not address this objection because even assuming Witte had no personal knowledge, there has been no showing of undue prejudice where Alan himself admits the core facts that justify leave to amend – that another insurer may be responsible for defending Alan.

Scottsdale and Alan will not be unduly prejudiced because each will have sufficient time to prepare their defense. Absent a showing of undue prejudice, the Court concludes that leave to amend is appropriate here, where Burlington has potentially meritorious claims against Scottsdale.

If the Court permits Burlington to add Scottsdale as a defendant, Alan urges the Court to dismiss Burlington's reimbursement cause of action against Alan. In Alan's view, "contribution from a co-insurer, not reimbursement from its insured, is the correct vehicle by which Burlington should seek recovery of costs incurred in defending Alan." Opp. at 6. First, this issue is not properly before the Court. Alan is free to make that argument once Burlington does in fact file an amended complaint. But more important, the Court is skeptical of Alan's argument, which cites to no legal authority for the proposition that Burlington cannot seek both reimbursement from the insured for costs it has already paid and contribution from the insurer. Accordingly, the Court denies Alan's request to dismiss this cause of action.

Finally, Alan asks that the Court vacate the April 2, 2013, hearing date on Burlington's pending motion for summary judgment and require Burlington to re-file the motion. Burlington opposes on the grounds that Scottsdale is in privity with Alan and that Scottsdale has been a shadow defendant all along. The Court declines to vacate the hearing date but does agree that a short continuance is appropriate to allow sufficient time for defendants to oppose the summary judgment motion.

## CONCLUSION

For the foregoing reasons the Court hereby GRANTS plaintiff's motion for leave to file an amended complaint. The amended complaint shall be filed with the Court **no later than March 13, 2013**. Plaintiff's may supplement or re-file their motion for summary judgment **no later than March 22, 2013**; any additional opposition from any defendant (including, if necessary, any declaration under FRCP 56(d)) is due **no later than March 29, 2013**; and any reply **no later than April 5, 2013**. The Court hereby CONTINUES the hearing on plaintiff's motion for summary judgment (Docket No. 33) to **April 15, 2013, at 9 a.m.** In addition, the Court DENIES AS MOOT defendant's motion to continue

4

the hearing on plaintiff's motion for leave.  This Order resolves Docket Nos. 42 and 45.

**IT IS SO ORDERED.**

Dated: March 5 , 2013

SUSAN ILLSTON
United States District Judge